EDWARD B. GAMBLE v. GAMBLE HOLDING CORP., *et al.*

149 So. 579.

En Banc.

Orders Entered July 17 and July 29, 1933.

*George M. Powell* and *John W. Dodge,* for Appellant; *Fleming, Hamilton, Diver & Lichliter,* for Appellees.

PER CURIAM.—This cause coming on to be heard upon the motion of appellant to require the Circuit Court for Duval County to transmit to this Court for its inspection the "pleadings, testimony, evidence and orders in that certain cause lately pending in the said Circuit Court for Duval County, in chancery" under the title of Edward B. Gamble, Complainant, versus Gamble Holding Company, a corporation, Georgia Ice Company, a corporation, Albert M. Dixon and W. C. Lewis, and the said motion being argued by counsel and the Court being advised of the judgment therein, it is considered and ordered by the Court that said motion be and the same is hereby denied. This cause being further considered upon the motion of appellees to dismiss the appeal because the appellant has not caused to be included in the transcript of the record the pleadings, orders, evidence, testimony and exhibits in the cause above stated, the decree in which is attacked by appellant herein for fraud, and the Court being advised of its judgment in the premises it is considered and ordered that the appellant cause to be certified to this Court a transcript of the record in this cause which embraces the pleadings, orders, evidence, testimony and exhibits in the cause in which the decree is attacked for fraud in the instant case within *Fifty-seven* days from the date of this order, or this cause shall stand dismissed from the docket of this Court.

Done and ordered at Tallahassee, Florida, this seventeenth day of July, A. D. 1933.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

PER CURIAM.—This matter coming on to be further considered upon the motion of the appellant that the record filed by Appellees on motion to dismiss appeal may be used in the place and stead of record required to be filed by Appellant on the return day of appeal, it is now Ordered that said record so filed may be used insofar as it may be found to be applicable as a part of the record required to be filed by Appellant on return day of appeal.

It is so ordered.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.